Dear Mr. Matessino:
Your inquiry on behalf of the Louisiana Nursing Supply and Demand Commission seeks our resolution of an issue concerning the proper voting procedure to elect new members to the commission. LSA-R.S. 37:1007(A)(2)(b) provides:
 Additional members of the commission may be added at any time upon unanimous agreement of the members named in this Subparagraph. (Emphasis added).
You relate that it has been difficult to assemble all fourteen members present at one meeting, so that such a vote may be conducted. However, it is apparent that the legislature intended for the entirety of the membership to be in agreement upon the issue of additional members; a vote approving new members by anything less than this requirement of unanimity would be insufficient.
The Open Meetings Law governing a "public body" such as the Louisiana Nursing Supply and Demand Commission contains a prohibition against the representation of a member of a public body by proxy. LSA-R.S. 42:5(B) states:
 Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through 42:8.
There being no special statute concerning the nursing commission which might prevail over this general prohibition, no individual other than those members specified under LSA-R.S. 37:1007 has the power to vote or participate in any formal capacity. Representation by proxy is not an available solution to your problem.
Further, LSA-R.S. 42:5(c) provides:
 All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
This office has previously concluded that a telephone poll cannot be used to authorize action by a public body. Such telephone polls may be "used to thwart the spirit and intent of the open meetings law because the use of such would result in public business being conducted without public meetings." See attached Attorney General Opinion 88-238. Thus, it remains the opinion of this office that a telephone poll fails to constitute valid action authorizing an addition to the commission membership.
The statute mandates unanimous agreement. For this reason, all members must be present to effectuate a valid vote. Should certain members fail to attend the meetings as required by law, the remedy of mandamus may be available to compel the attendance of those members. A writ of mandamus can be employed to direct a public officer to perform a ministerial duty required by law. LSA-C.C.P. Arts. 3861 and 3863. Attendance at meetings is not a discretionary duty of a member, but is, in the opinion of this office, a duty purely ministerial in nature. See Snyder v. Alexandria City Counsel, 486 So.2d 1145 (La.App. 3rd. Cir. 1986) (duty of city council to meet and consider certain issues was deemed ministerial in nature).
We hope the foregoing is helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-137